UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **PHILIP E. HAHN,** | : | Civ. No. 11-1874 (DRD) |
| Plaintiff, | : | |
| v. | : | |
| **THE STATE OF NEW JERSEY, et al.,** | : | **O R D E R** |
| Defendants | : | |

**IT APPEARING THAT:**

1. Plaintiff, Philip E. Hahn, filed the Complaint in this case on April 1, 2011, naming as Defendants The New Jersey Supreme Court, the then Justices of the New Jersey Supreme Court, "The Appellate Court of New Jersey," various judges of that Court, "The Essex County Superior Court," "The Bergen Superior Court," two judges of the Superior Courts, various law firms, lawyers and other individuals, the University of Medicine and Dentistry (UMDNJ), various doctors and other individuals, the Borough of Paramus, the Paramus Police Department, CARE PLUS, Miss Renee Garbowski, Bristol Myers Squibb, Otsuka Pharmaceutical, the Estate of Doctor Cuculic, other lawyers and judges and Rutgers, the State University of New Jersey.

2. Various of the defendants filed motions to dismiss the complaint, and a number of the defendants filed motions for sanctions pursuant to Fed.R.Civ.P. 11.

3. On March 12, 2012, the Court entered an order terminating the action as to most of the named defendants, and on March 13, 2012, the Court entered an order granting the motions of various other defendants to dismiss the case against them and denying motions for sanctions.

4. After entry of the orders referred to in Paragraph 3 above, plaintiff filed a multitude of documents, each addressed "To interested parties." They contained observations about the law, applications to amend the complaint, and a multitude of subjects having no obvious relationship to the pending case or pending motions.

5. On September 24, 2012, there was entered on the docket Entry # 175 which was an "Order issuing a final reminder to Mr. Hahn that it will not tolerate this type of conduct. Mr. Hahn will not utilize the Court's docket as a platform to voice his displeasure with individuals and matters that have no relevance or logical connection with his cases pending before the Court." Signed by Judge Esther Salas on 9/24/12.

6. Despite Judge Salas's order, on October 1, 2012 plaintiff filed a letter to interested parties "re terrorism against him."

7. Thereafter, plaintiff's letters to interested parties continued unabated, extending from Docket Entry # 177 on October 1, 2012 to Docket Entry # 244 on May 6, 2013.

8. On May 8, 2013, Judge Mannion signed on order denying plaintiff's application to amend his complaint and providing "that plaintiff shall not file any further applications to amend his complaint without first requesting leave from this court by way of written letter."

9. Plaintiff's "to all interested parties letters" are in effect applications to amend his complaint and are otherwise abusive.

10. Plaintiff continued to file "to all interested parties" letters to date, and they arrived up to Docket Entry # 426 on July 2, 2014.

11. On June 11, 2014, the case was reassigned to the undersigned judge.

12, The case was previously terminated and/or dismissed as against all remaining

2

defendants, and plaintiff has no reason to file any additional papers.

**THEREFORE, it is on this 18th day of July, 2014, ORDERED as follows:**

1. Plaintiff is directed to file no more documents in this case.

2. If plaintiff files any documents without leave of Court, the Clerk of the Court shall not docket them in this case but shall retain them in a separate folder with a miscellaneous number.

3. At least one year after any such documents have been submitted, the Clerk of the Court may notify plaintiff that he has 15 days to retrieve any such documents, and if they are not retrieved, they will be destroyed. At that time, the Clerk may destroy the documents submitted after the date of this Order.

                                        s/Dickinson R. Debevoise
                                        DICKINSON R. DEBEVOISE
**DATED: July 18, 2014**                U.S. Senior District Judge